IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD AZZOLINO, ZULEY AZZOLINO,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NIALL ROBERTS,<br><br>　　　　Defendant.<br>_____/ | No. C 12-1378 RS<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE PARTY AND MOTION TO DISMISS** |

## I. INTRODUCTION

This case arises from a February 18, 2010, car accident when defendant Niall Roberts allegedly injured plaintiffs and damaged their property. Roberts is a Congressional staff member and, according to the United States, was driving to an official government event at the time of the accident. Anticipating a possible recovery from the federal government should Roberts be deemed to have been acting within the scope of his employment, plaintiffs submitted a claim for damages and injury to the U.S. House of Representatives on October 27, 2011 (and later, a revised claim). On February 9, 2012, mindful of California's two-year statute of limitations for claims of general negligence, *see* California Civil Code § 335.1, and not yet having heard from the government, plaintiffs filed this action in state court, alleging general negligence and loss of consortium.

On March 19, 2012, a representative of the U.S. Attorney's office informed plaintiffs' counsel that the government had certified Roberts was acting within the scope of his employment, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(d). Plaintiffs, apparently fearing

1

the government might still reverse course on this question, refused a request to dismiss voluntarily the state court action. Roberts thereafter removed the case to this Court, pursuant to the 28 U.S.C. § 1442(a)(1), which provides for removal of actions filed against officers of the United States. Roberts now moves to substitute the United States as defendant, per § 2679(d)(1) of the FTCA, and dismiss plaintiffs' claims for lack of administrative exhaustion, under § 2675, and Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction. Plaintiffs do not oppose the substitution of the United States, or dismissal of Zuley Azzolino's claims, and those motions must be granted. Although plaintiffs oppose the additional dismissal of Richard Azzolino's claims, that motion must also be granted for the reasons discussed below.

## II. DISCUSSION

### A. Substitution

Section 2675(d) of Title 28 provides that when a plaintiff asserts a tort claim against a defendant who is a federal employee, the Attorney General will certify whether that individual was acting within the scope of his or her employment at the time the claim arose. Per regulation, this duty has been delegated by the Attorney General to the U.S. Attorney. If the defendant employee's conduct is so certified, the law provides for removal and mandatory substitution of the United States in place of the employee. 28 U.S.C. § 2679(d)(2). Here, there is no debate that the U.S. Attorney's office has certified Roberts was acting within the scope of his employment at the time of the accident, and furthermore, defendants do not oppose substitution of the United States in his place. Accordingly, the motion is granted.

### B. Subject matter jurisdiction

A motion to dismiss must be granted if the complaint fails to allege sufficient facts to establish subject matter jurisdiction over the action at bar. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The FTCA vests the district courts with exclusive jurisdiction over "civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment…." 28 U.S.C. § 1346(b)(1). As a prerequisite to subject matter jurisdiction

under that Act, a claimant must administratively exhaust his or her claims with the appropriate federal agency. The FTCA specifically requires:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of her office or employment unless the claimant shall have first presented the claim to the appropriate Federal agency and her claim shall have been finally denied…. The failure of an agency to make final disposition of a claim within six months after it is filed shall … be deemed a final denial of the claim….

*Id*. at § 2675(a). The Ninth Circuit has "emphasized that the administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). "It admits no exceptions." *Id.* *Jerves* specifically instructs that an action commenced prior to the federal agency's final denial or disposition of the claims must be dismissed for lack of subject matter jurisdiction. *Id.* at 519.

Here, there is no dispute that the present action was instituted by plaintiffs prior to the passing of the six-month period. There is also no question that the claim presented to the House of Representatives encompassed Richard Azzolino's demands, but not those of Zuley Azzolino. Plaintiffs do not in fact oppose dismissal of Zuley's claims, and because she has failed to meet the exhaustion requirement, defendant's motion to dismiss must be granted, with prejudice, as to her claims.

Plaintiffs advance several arguments to resist dismissal of Richard Azzolino's claims on exhaustion grounds. First, they suggest the requirement should be waived. That proposal is directly contrary to binding Ninth Circuit authority and therefore untenable. *Jerves*, 966 F.2d at 519 ("claim requirement of section 2675 … may not be waived" (internal quotation marks omitted)). Alternatively, plaintiffs submit the issue was mooted on May 4, 2012, the date on which six months elapsed. Several courts in the Second Circuit have at least entertained such an argument as potentially viable. *See Kramer v. Sec'y, Dep't of the Army*, 623 F. Supp. 505, 510 (E.D.N.Y. 1985) (dictum) (court could consider exhaustion issue moot where notice of claim was filed and administrative remedies were exhausted after lawsuit was filed); *Clark v. United States,* 481 F.Supp. 1086, 1099 (S.D.N.Y. 1979) (where filing requirements were complied with by the time oral

3

argument on motion to dismiss was heard, government stipulated that complaint was to be regarded as filed six months from filing of administrative claims), *appeal dismissed,* 624 F.2d 3 (2d Cir. 1980).  In this Circuit, however, it is settled that the FTCA's exhaustion requirement must be "strictly" observed, and plaintiffs here have not mustered any authority to suggest otherwise.  They protest that it would be a needless formality to dismiss and re-file the same pleadings minutes later, yet this is apparently what the statute requires.

Plaintiffs also insist that, because California's two-year statute of limitations for negligence claims has already run, in the unlikely event the United States reverses course and determines Roberts was not acting within the scope of his employment, they will be left without a viable state claim.  As counsel for the government conceded at oral argument, given traditional notions of estoppel, it would be difficult, at best, for the United States to achieve such an about-face.  *See also* 28 U.S.C. § 2679(d)(2) ("This certification of the Attorney General *shall conclusively establish* scope of office or employment for purposes of removal." (emphasis added)).  That said, in fairness, plaintiffs waited well over a year to assert their claim against Roberts.  Had they acted more promptly after the accident, in all likelihood, they would not face the dilemma presented now.  That is precisely the purpose of the limitations period – to compel prompt action.  Here, plaintiffs have not furnished any meritorious arguments to suggest why the strict jurisdictional bar created by the FTCA's administrative claims process should not apply to this case, as it does to all others.  Accordingly, defendant's motion to dismiss must be granted in its entirety, but without prejudice.

### III. CONCLUSION

For the reasons set forth above, defendant's motions must be granted.  As a consequence, the United States is substituted for Roberts as defendant in this action, Zuley Azzolino's claims are dismissed with prejudice, and Richard Azzolino's claims are dismissed without prejudice.  The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated: 5/17/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE